**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JOSEPH EDGAR DUNKIN,**

    **Plaintiff,**

**vs.**                                            **CASE NO. 4:09CV04-SPM/AK**

**LT. PEREZ, et al,**

    **Defendants.**

                                **/**

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se,* has filed a complaint under 42 U.S.C. §1983 alleging that corrections officers at Coleman Federal Penitentiary in Coleman, Florida, failed to protect him against assault by another inmate. (Doc. 23). Defendants moved to dismiss, for summary judgment, or to transfer this cause to the Middle District of Florida, because the events at issue, as well as all the Defendants, are in Coleman, Florida, making the proper forum for this action the United States District Court for the Middle District of Florida, Ocala Division. 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b).

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." A court may raise the issue of defective venue *sua sponte*, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988). The Lipofsky court did not place the same limitations on the court's ability to transfer a case

to the appropriate forum pursuant to 28 U.S.C. § 1404(a).  *See* Lipofsky, 861 F.2d at 1259, n. 2.  Thus, it is recommended that the case be transferred rather than dismissed.  There is no need for a hearing on this transfer.  *Cf.* Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) *with* Starnes v. McGuire, 512 F.2d 918, 934 (D.C. Cir. 1974).

Because the need to transfer this action was not recognized earlier, the undersigned reviewed the pending motion to dismiss and Plaintiff's response to determine if the case could be resolved by this Court prior to transfer.  Plaintiff's response raises issues with exhaustion that may require evidentiary material and a discovery period, and for this reason, the undersigned is of the opinion that the case should be transferred as Defendants suggest.

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Middle District of Florida, Ocala Division, for all further proceedings.

**IN CHAMBERS** at Gainesville, Florida, this   25th  day of June, 2009.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and

**No. 4:09CV04-SPM/AK**

**recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 4:09CV04-SPM/AK**